## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE:** | : | **Bankruptcy No. 09-14567 ELF** |
| | : | **Chapter 13** |
| **WILLIAM GLEASON and** | : | |
| **ANNE GLEASON,** | : | |
| **Debtors** | : | |

| | | |
|---|---|---|
| **WILLIAM GLEASON and** | : | |
| **ANNE GLEASON,** | : | **Adversary No. 10-00017** |
| **Plaintiffs** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **NATIONAL PENN BANK,** | : | |
| **Defendant** | : | |

### ANSWER OF NATIONAL PENN BANK, TO DEBTORS' COMPLAINT TO DETERMINE THE VALIDITY OF LIEN HELD BY DEFENDANT NATIONAL PENN BANK AND TO VALUE COLLATERAL SITUATE AT 2947 SOUTH 17TH ST., PHILADELPHIA, PA

COMES NOW, National Penn Bank ("Bank" or "Defendant") by and through its counsel, Hartman Shurr, and hereby files its Answer to Debtors' Complaint to Determine the Validity of Lien Held by Defendant National Penn Bank and to Value Collateral situate at 2947 South 17th St., Philadelphia, PA ("Complaint"), and in support thereof, avers as follows:

1.     Denied.    The averments in Paragraph 1 of Debtors' Complaint constitute conclusions of law.

2.     Denied.    The averments in Paragraph 2 of Debtors' Complaint constitute conclusions of law. By way of further answer, Debtor, William Gleason ("William"), filed his Chapter 13 case (09-14567) on June 20, 2009; Debtor, Anne Gleason ("Anne"), filed her Chapter

13 case (09-17455) on September 30, 2009. The cases were consolidated by Order of the Court dated December 8, 2009.

       3.      Denied as stated. It is admitted that the Bank is a national banking association with a principal office at Philadelphia and Reading Avenues, P.O. Box 547, Boyertown, Pennsylvania 19512.

       4.      Admitted.

       5.      Admitted.

       6.      Admitted upon information and belief.

       7.      Admitted in part, denied in part. Following reasonable investigation, the Bank is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 7 of Debtors' Complaint that Anne has executed "several mortgages" and the same are denied accordingly. It is admitted only that Citizens Bank filed a secured Proof of Claim in the amount of $189,428.85 on October 28, 2009. It is further admitted that Defendant is the current holder of two mortgages on the subject premises, which is reflected in the Defendant's Proof of Claim (Claim No. 17-1) regarding Anne that is stated as secured in the amount of $43,041.85 and unsecured in the amount of $222,817.52. By way of further answer, Defendant filed its unsecured Proof of Claim (Claim No. 16-1) regarding William in the amount of $260,142.33.

       8.      Denied. Following reasonable investigation, the Bank is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 8 of Debtors' Complaint and the same is denied accordingly.

       9.      Denied. Following reasonable investigation, the Bank is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 9 of Debtors' Complaint and the same are denied accordingly. By way of further answer, Debtors' Exhibit A

is a writing, which speaks for itself, and any characterization of said writing by the Debtors is specifically denied.

10.    Denied.  Following reasonable investigation, the Bank is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 10 of Debtors' Complaint and the same are denied accordingly.  By way of further answer, Defendant specifically denies the accuracy and reliability of the methodology and results cited in the "commercial sources" utilized by Debtors.

11.    Denied.  The averments in Paragraph 11 of Debtors' Complaint constitute conclusions of law.  By way of further answer, Debtors' averments are contrary to the results of their own appraisal attached to the Complaint as Exhibit A.

12.    Denied.  The averments in Paragraph 12 of Debtors' Complaint constitute conclusions of law.  By way of further answer, it is specifically denied that Defendant's mortgages are currently unsecured.  To the contrary, Defendant's secured portion of its claim ($43,041.85) is fully secured on Defendant's first mortgage and substantially, if not fully, secured on its second mortgage.  See also, Defendant's response in Paragraph 7 hereinabove.

13.    Denied.  The averments in Paragraph 13 of Debtors' Complaint constitute conclusions of law.  By way of further answer, see Defendant's response in Paragraph 12 hereinabove.

14.    Denied.  The averments in Paragraph 14 of Debtors' Complaint constitute conclusions of law.  By way of further answer, see Defendant's response in Paragraphs 7 & 12 hereinabove.

15.    Denied.    The averments in Paragraph 15 of Debtors' Complaint constitute

conclusions of law.  By way of further answer, see Defendant's response in Paragraphs 7 & 12

hereinabove.

WHEREFORE, Defendant, National Penn Bank respectfully requests this Honorable

Court deny the relief sought by the Debtors.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

16.    The Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

17.    Defendant is not required to take any affirmative action to release or satisfy its

mortgage except as required under 42 Pa. C.S.A. § 8104, et seq.

WHEREFORE, National Penn Bank respectfully requests this Honorable Court deny the

relief sought by the Debtors.

**HARTMAN SHURR**

By:_____
Dominic A. DeCecco, Esquire
Attorney I.D. # 79479
1100 Berkshire Blvd., Ste. 301
P.O. Box 5828
Wyomissing, PA 19610
(610) 779-0772
(610) 779-7473 (fax)
Attorney for Defendant